## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Genesis Press, Inc.,<br><br>Debtor(s). | C/A No. 13-01376-HB<br><br>Chapter 7<br><br>**ORDER** |

**THIS MATTER** comes before the Court pursuant to an Application for Administrative Expenses filed by People's Capital and Leasing Corp. ("PCLC"). The Application requests allowance of a claim in the amount of $85,161.30 as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A) and § 365(d)(3) and that the claim be afforded super priority status pursuant to §§ 507(a)(2) and 507(b).[1] John K. Fort ("Trustee") and creditor 7112 August Road, LLC objected to the Application. For the reasons discussed below, PCLC's Application should be granted in part and denied in part.

### FACTS

Genesis Press, Inc. ("Genesis"), a printing business, filed a Chapter 11 bankruptcy petition on March 6, 2013. For several months thereafter Genesis continued to operate the business as a debtor in possession pursuant to §§ 1107 and 1108. To continue operations, Genesis retained leased equipment described as a 2007 Mueller Martini Acoro Perfect Binding Line and accessories. Pursuant to the lease executed pre-petition by PCLC and Genesis, a monthly lease payment was due on the 11th of each month. Following Genesis' failure to make the first post-petition payment, PCLC filed a motion on April 5, 2013 for relief from the automatic stay of § 362 or for adequate protection and a motion to compel assumption or rejection of the executory contract pursuant to § 363.

---

[1] All further references to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

1

At the April 30, 2013 hearing on those motions the parties announced the terms of a settlement on the record. At that time PCLC had received a check from Genesis for a post-petition payment due under the lease. The settlement order was to include a requirement that Genesis resume regular lease payments of $20,276.50 per month, cure the post petition arrearage in four installments of $5,069.13 and pay PCLC's legal fees of $7,500.00. The parties were directed to submit a proposed order memorializing the settlement and bearing the parties' consents for the Court's consideration. However, the order was never submitted or entered. The day after the hearing the check payment previously received by PCLC from Genesis was returned for insufficient funds. PCLC did not receive any further payments from Genesis thereafter. As a result, PCLC did not submit the settlement order to the Court for consideration and the settlement was not fully consummated.

Instead, PCLC filed a second motion for relief from the automatic stay or for adequate protection and a motion to compel assumption or rejection of the executory contract. Before that hearing was held, Genesis converted from Chapter 11 to Chapter 7. After conversion PCLC amended the motions for relief from the automatic stay as needed and the Trustee objected. At the July 11, 2013 hearing on the motions the Trustee withdrew his objection and the Court subsequently entered an order granting relief from the automatic stay of § 362(a). The parties agree that upon the withdrawal of the Trustee's objection at the July 11 hearing the lease was rejected.

PCLC now seeks approval of an administrative expense claim for four post-petition lease payments. PCLC requests a total of $42,580.65 ($40,453.00 plus a five percent late charge) pursuant to § 503(b)(1)(A) for the first fifty-nine days of post-

2

petition rent on the leased equipment and a total of $42,580.65 ($40,453.00 plus a five percent late fee) pursuant to § 365(d)(5) for rent on the leased equipment starting on the sixtieth day from the petition date until the rejection of the lease. The total claim is $85,161.30.

The objecting parties do not dispute PCLC's administrative claim in this amount. However, PCLC requests payment of the entire $85,161.30 claim on a super priority basis pursuant to § 507(b) within thirty days. The latter requests are in dispute.

## DISCUSSION

Section 507(b) provides:

> If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(2) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsection shall have priority over every other claim allowable under such subsection.

In this instance "trustee" would refer to the debtor in possession during the Chapter 11 proceeding or the Trustee upon conversion to Chapter 7. *See* 11 U.S.C. § 1107(a).

"[T]he general rule is that all administrative creditors in a bankruptcy case are to be treated equally." *In re Midway Airlines Corp.*, 406 F.3d 229, 241-42 (4th Cir. 2005). However, if § 507(b) is applicable, a creditor may be entitled to "super" priority over other administrative claimants. Pursuant to the language of § 507(b) a creditor must satisfy several requirements to trigger the super priority. "First, adequate protection must have been provided previously, and the protection ultimately must prove to be inadequate. Second, the creditor must have a claim allowable under § 507(a)(1) (which in

3

turn requires that the creditor have an administrative expense claim under § 503(b)). And third, the claim must have arisen from either the automatic stay under § 362; or the use, sale or lease of the collateral under § 363; or the granting of a lien under § 364(d)." *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 865 (4th Cir. 1994).

The language of § 507(b) requires that the claim be held by a "holder of a claim secured by a lien on property of the debtor." *See e.g. In re Carpet Ctr. Leasing Co., Inc.*, 991 F.2d 682, 685-86 opinion amended on denial of reh'g, 4 F.3d 940 (11th Cir. 1993) ("[W]hen adequate protection has been given to a *secured creditor* and later proves to be inadequate, the creditor becomes entitled to a superpriority administrative expense claim to the extent that the proffered adequate protection was insufficient.") (citing *Grundy Nat'l Bank v. Rife,* 876 F.2d 361, 363 (4th Cir.1989) (emphasis added). The obligation in question here results from a lease of property from PCLC. PCLC has not provided sufficient explanation[2] as to how the lease at issue fits within the language of the statute. Since there is no dispute that this is a lease, the record does not indicate that PCLC holds a claim secured by a lien on property of the debtor.

Further, it is not clear that adequate protection was actually provided as required by the language of § 507(b). *See e.g. In re Scopac*, 624 F.3d 274, 284 (5th Cir. 2010) opinion modified on denial of reh'g, 649 F.3d 320 (5th Cir. 2011) (finding that the party seeking super priority status "had the burden to prove their entitlement to a § 507(b) priority claim") (citing *Ford Motor Credit Co. v. Dobbins,* 35 F.3d 860, 866 (4th Cir.1994)). While the parties announced on the record at the April 30 hearing that an

---

[2] PCLC points to a single, distinguishable case from another district to support entitlement to super priority status pursuant to § 507(b). *See* Application for Administrative Expenses at Doc. No. 197 citing *In re Pettingill Enterprises, Inc.*, 486 B.R. 524 (Bankr. D.N.M. 2013). The cited case grants only a small portion of the amount claimed super priority status with the only explanation provided for doing so in one short footnote.

agreement had been reached that would include adequate protection payments, settlement documents were never filed nor entered due to a collapse of the agreement immediately following that hearing. *See e.g. In re Five Star Partners, L.P.,* 193 B.R. 603, 610 (Bankr. N.D. Ga. 1996) ("A superpriority claim must be predicated upon an affirmative grant of adequate protection to a creditor."); *In re Rebel Rents, Inc.*, 291 B.R. 520, 534 (Bankr. C.D. Cal. 2003).

Given "the presumption in bankruptcy cases . . . that the debtor's limited resources will be equally distributed among creditors . . . statutory priorities must be narrowly construed." *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 865 (4th Cir. 1994) (citations omitted). Here, the settlement that intended to provide adequate protection was not consummated and the obligations in question arise from a lease. Therefore, the facts of this case do not fall squarely within the requirements of § 507(b) and the request for a super priority claim must be denied.

The parties also disagree regarding whether PCLC is entitled to immediate payment of the administrative expense as requested in the Application. Given that the claim is under § 503(b) "the time of payment . . . is within the discretion of the bankruptcy court." *In re Midway Airlines Corp.*, 406 F.3d at 242. "In most situations the courts prefer to postpone payment of the administrative claim until confirmation of a plan or the distribution in a liquidation [such as this]. However, once a claimant has requested payment, the court may exercise its discretion whether circumstances warrant immediate response." *Id.* (citations omitted). Accordingly, it is within this Court's discretion as to whether immediate payment of the administrative claims is appropriate in this situation.

5

Based on the facts of this case, the Court cannot find sufficient cause to expedite PCLC's payment and pay the claim before other similarly situated administrative claims.

**IT IS THEREFORE ORDERED, THAT:**

1. The Application for Administrative Expenses filed by People's Capital and Leasing Corp. is hereby **GRANTED IN PART** to allow an administrative claim pursuant to 11 U.S.C. § 503(b) and § 365(d)(5) in the amount of $85,161.30 to be paid as directed by the Trustee; and

2. The Application for Administrative Expenses filed by People's Capital and Leasing Corp. is hereby **DENIED IN PART** as to the request for super priority status of the administrative claim pursuant to 11 U.S.C. § 507(b) and the request for payment of the claim within thirty (30) days.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**01/02/2014**



US Bankruptcy Judge
District of South Carolina

Entered: 01/02/2014